**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4645**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

CRISTIAN VERA-COVARRUVIAS, a/k/a Cristian Vera Covarruvias, a/k/a
Cristian Vera Covarrubias, a/k/a Christian Vera-Covarrubias, a/k/a Christian Vera
Covarrubias, a/k/a Christian Vera Cobarrubias,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00105-LCB-1)

Submitted:  April 12, 2019                        Decided:  April 17, 2019

Before DIAZ and QUATTLEBAUM, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Harvey A. Carpenter IV, THE LAW OFFICES OF H.A. (ALEC) CARPENTER IV,
Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States
Attorney, Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristian Vera-Covarruvias pleaded guilty pursuant to a plea agreement to reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) (2012). He received a 16-month sentence. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the sentence is substantively reasonable. The Defendant did not file a pro se supplemental brief. The Government declined to file a response. We affirm.

We review a sentence for reasonableness using an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012).

The district court heard argument from the parties, afforded the Defendant an opportunity to allocute, and imposed a sentence of 16 months—within the Sentencing Guidelines range. The court stated that it considered the § 3553(a) factors and rendered an individualized assessment in this case. The court stated that the sentence was sufficiently severe, but not greater than necessary, to comply with the sentencing

2

objectives of § 3553(a). We conclude that the Defendant has not rebutted the presumption of reasonableness and that the court did not abuse its discretion in imposing the chosen sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Vera-Covarruvias' conviction and sentence. This court requires that counsel inform Vera-Covarruvias, in writing, of the right to petition the Supreme Court of the United States for further review. If Vera-Covarruvias requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vera-Covarruvias. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*